ALLIANCE TO END REPRESSION et al., Plaintiffs,

v.

James M. ROCHFORD, Superintendent of Police, et al., Defendants.

No. 74 C 3268.

United States District Court, N. D. Illinois, E. D.

March 5, 1976.

See also D.C., 431 F.Supp. 25.

Richard M. Gutman, Lance Haddix, Val. R. Klink, Chicago, Ill., for plaintiffs.

William Quinlan, Corp. Counsel, George M. Keane, Jr., James Daley, Asst. Corp. Counsels, for defendants.

MEMORANDUM OPINION AND ORDER

KIRKLAND, District Judge.

This matter comes before the Court on plaintiffs' motion to compel answers to written interrogatories. Plaintiffs seek answers to many interrogatories which defendants have not sought to contest in their responsive brief. The Court grants plaintiffs' motion as to all interrogatories not specifically addressed by this opinion.

■ Defendants object to the form of interrogatories 11, 12, 15, 29, and 30 on grounds that plaintiffs seek the compilation of information by six month periods. Defendants object that such categorization is unduly burdensome and annoying. With reference to interrogatories 11 and 12, the Court construes the six month request as a mechanism by which plaintiffs may determine when and how policies of defendants have changed since January of 1967. To the extent no changes have taken place from one period to another, defendants can properly respond with the words "no change". The court does not find such effort required of defendants to be unduly burdensome.

As to interrogatories 15, 29, and 30, the Court again finds that no substantial additional burden will be placed on defendants by ordering them to reply in the manner requested by plaintiffs.

■ Defendants invoke the "informer's privilege" in their objection to interrogatory 25. Defendants' objection to this interrogatory is not timely and that is dispositive; however, to the extent that such a privilege exists, it is applicable only to individuals furnishing information on violations of law, or information that purports to reveal commission of a crime. See, *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *United States v. Swift & Co.,* 24 F.R.D. 280 (N.D.Ill.1959). Plaintiffs, by contrast, seek disclosure of the identity of persons who participated in intelligence gathering procedures, seeking information on lawful activities. As to persons so involved, no "informer's privilege" exists.

■ Plaintiffs seek further answer to interrogatory 79 on grounds that defendants' previously filed answer was unresponsive. Defendants argue that a complete answer would require an audit, and as such, it would be unduly burdensome and expensive to respond. To the extent the question requires an audit, the Court agrees that it is excessively burdensome. However, defendants may respond to the question in part by disclosing any *sources* of external funds.

Such disclosure would not be burdensome to defendants under the objection articulated.

It is the order of this Court that defendants are required to answer all interrogatories propounded by plaintiffs, save for the exception carved out as to part of interrogatory 79. Defendants are ordered to answer said interrogatories on or before March 30, 1976.